

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

_____

*United States Attorney's Office*

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

September 7, 2011

VIA HAND and ECF

Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

          Re: United States v. Salvatore Avellino
          Criminal Docket No. 90-446 (DRH)

Dear Judge Hurley:

          I write in response to the Court's July 19, 2011 order.
Specifically, the Court wanted to know

          whether a defendant, via a plea agreement, may legally
          agree . . . to have his periods of supervised release
          upon multiple counts of conviction run consecutive to
          one another rather than concurrently as provided in 18
          U.S.C. § 3624(e).

July 19, 2011 Order.  While the response to the Court's query
requires some explication, for the reasons set forth below, the
government concurs with the United States Probation office's
request to modify the terms of Avellino's supervised release.

**DISCUSSION**

          Senior United States Probation Officer Edward J.
Kanaley ably summarized the procedural history of this matter in
his July 12, 2011 memorandum to the Court.  By way of summary, on
February 17, 1994, the releasee pled guilty before the Honorable
Eugene H. Nickerson, Sr..  During the plea colloquy, Avellino
allocuted to Racketeering Acts 15(A), 52, and 53 within Count 1,
and Counts 29, 70, 71, and 72 of a 72-count superseding
indictment.  This plea resulted from a February 11, 1994 Plea
Agreement that, inter alia, expressly called for a total
supervised release term of 21 years. Judge Nickerson sentenced

2

Mr. Avellino on July 29, 1994 to a custodial term of 126 months, to be followed by a total supervised release term of 21 years, all of which was directly anticipated by the stipulations contained in the Plea Agreement.  Specifically, Judge Nickerson, consistent with the plea agreement, calculated the supervised release term by running consecutive the terms of the five individual counts of conviction.

        The first question is whether the governing statutes permit such a supervised release procedure.  Title 18, United States Code, Section 3624(e) provides that each term of supervised release "runs concurrently" with any other term of supervised release "to which the person is subject or becomes subject during the term of supervised release." 18 U.S.C. §3264(e).  As the Court noted in its July 19, 2011 order, the plain and ordinary language of this statute suggests that no consecutive terms of supervised release may be imposed.  The circuits agree.

        In United States v. Gullickson, 982 F.2d 1231 (8th Cir. 1993), the Eighth Circuit held that 3624(e) unambiguously requires concurrent supervised release on multiple convictions. Id. at 1236; see also United States v. Ravoy, 994 F.2d 1332, 1337 (8th Cir. 1993)(supervised release terms run concurrently); United States v. Saahir,  47 F.3d 1178 (10th Cir. 1995) (accord). Although recognizing that courts have imposed consecutive terms of supervised release without discussion of the issue, Gullickson, 982 F.2d at 1236 n. 1, the court nonetheless concluded that consecutive terms of supervised release are impermissible, id. at 1235-1236.

        This is not to suggest that Judge Nickerson committed any type of error.  Indeed, during the time period of Avellino's sentencing, numerous courts in the Second Circuit imposed consecutive terms of supervised release without challenge.  See, e.g., United States v. Beverly, 5 F.3d 633, 637 (2d Cir. 1993); United States v. Torres, 901 F.2d 205, 248-51 (2d Cir. 1990); United States v. Bakhtiari, 729 F.Supp. 11, 13 & n. 1 (S.D.N.Y. 1989), aff'd in part, vacated in part, and remanded on other grounds, 913 F.2d 1053 (2d Cir. 1990).  Moreover, contemporaneous Second Circuit law suggested that a district court had the ability to depart from the supervised release maximums.  See, e.g., United States v. Pico, 966 F.2d 91, 92 (2d Cir. 1992) (per curiam) ("The only supervised release term that was consistent with both [Section 3624(e)] and the Guidelines was five years. Thus, the life term of supervised release imposed by the district court was outside the Guidelines range.  A district court may, of course, depart from a properly calculated Guidelines range . . . .

.").  The issue, however, has since become settled.

Approximately ten years after Avellino's guilty plea and sentencing, the Second Circuit weighed in on the issue.  In United States v. Sash, 396 F.3d 515 (2d Cir. 2005), the defendant pleaded guilty to fraud and counterfeiting, for which he received a sentence including consecutive three-year and five-year supervised release terms.  396 F.3d at 525.  The Second Circuit concluded that "multiple terms of supervised release . . . must run concurrently, pursuant to 18 U.S.C. § 3624(e). Therefore, . . . the 'total maximum lawful term of supervised release here was three years' . . . [and] [t]he eight-year term of supervised release imposed by the District Court constituted plain error." Id.; see also United States v. Barrios, No. 08-4354-CR, 374 Fed. Appx. 56, 57 (2d Cir. March 9, 2010).  The Second Circuit therefore considers these sentences to be in error even where there was a guilty plea and even if there was no objection at the time of sentencing.  See Sash, 396 F.3d at 525.

At the time of Avellino's sentencing hearing, Judge Nickerson was faced with unsettled Second Circuit case law and a stipulated sentence.  Under those circumstances, it is difficult to assign error to that sentence.  However, the core of this case law comes from the statute itself, which unequivocally imposes these maximum terms of supervised release.  Therefore, the state of the case law, while explanatory, does not change the applicability of the maximums set forth in Section 3624(e).

The Court raises a slightly more subtle question: can this statutory maximum term of supervised release nonetheless be waived?  The short answer is "yes."  The longer answer is that, while a defendant may possibly make such a waiver, the specific facts in the instant case do not support such a finding.

Plea waivers are necessarily elastic.  A "waiver of appeal rights includes even those rights not yet recognized at the time the parties entered into the plea agreement." United States v. Hamdi, 432 F.3d 115, 126 (2d Cir. 2005).  The Second Circuit warns against reliance upon a "declaratory provision in a plea agreement bearing none of the indicia of an explicit waiver, or even of an obligation between the parties . . . ." Id. Stated differently, "[a]n arguably ambiguous plea provision not denominated as a waiver, and which would not have been understood as a waiver by the parties at the time they entered into the agreement, may not be so transformed ex post . . . ." Id.  In the instant case, the plain language of the plea agreement memorializes the parties' stipulated sentence, including the precise supervised release term.  Therefore, the agreement as to

4

the dimensions of the supervised release term are clear.  It is less clear, although still a close question, that the stipulation acted as a waiver of the statutory rights identified in Section 3624(e).  See United States v. Yemitan, 70 F.3d 746 (2d Cir. 1995) ("[A]ll those negotiating appeal waiver provisions in plea agreements should be careful to use language that carries out their precise intentions. . . .").  Against the backdrop of that ambiguity, the government declines to argue that Avellino expressly and unequivocally waived the statutory maximum term of supervised release.

**CONCLUSION**

For the foregoing reasons, the government concurs with the Probation Department's request to modify the terms of Avellino's supervised release term.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s Christopher A. Ott
Christopher A. Ott
Assistant United States Attorney
(631) 715-7870